IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:93cr5008-RH

JAMES TRANMER,

    Defendant.

_____/

**ORDER DENYING A SENTENCE
REDUCTION UNDER AMENDMENT 782**

    The defendant James Tranmer has moved to reduce his sentence under United States Sentencing Guidelines Amendment 782. But Mr. Tranmer was sentenced as a career offender, not based on the drug guideline that was reduced by Amendment 782. He is not eligible for a reduction. This order denies relief.

    The Sentencing Guidelines establish a guideline range for each defendant. The range is based on the defendant's "total offense level" and "criminal history category." The total offense level is based on the defendant's "base offense level" with increases or decreases based on specific offense characteristics. For drug offenses, the base offense level ordinarily turns on the type and quantity of drugs properly attributed to the defendant. *See* U.S. Sentencing Guidelines Manual

§ 2D1.1 (2014).  For a defendant who is a "career offender," however, the base offense level is the greater of the drug offense level or the career-offender level. *See id*. § 4B1.1(b).

Amendment 782 reduced the base offense level for most drug offenses.  The amendment did not, however, affect the separate career-offender base offense level.  The offense level of a career offender was and still is determined under a wholly separate guideline.  A district court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission*."  18 U.S.C. § 3582(c)(2) (emphasis added).  But a district court must not reduce the sentence of a defendant whose range has not been lowered.  Because the career-offender guideline range has not been changed, Mr. Tranmer is not eligible for a reduction.

The Eleventh Circuit squarely so held in addressing indistinguishable prior guideline amendments.  *See United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012) (Amendment 750); *United States v. Moore*, 541 F. 3d 1323, 1327 (11th Cir. 2008) (Amendment 706).  *See also United States v. Allen*, No. 15-12692, 2015 WL 7720320, at *1 (11th Cir. Nov. 30, 2015) (unpublished) ("[The defendant] was not eligible for a reduction in sentence because Amendment 782 did not have the effect of reducing his sentence range under the Guidelines due to his status as a career offender and the operation of § 4B1.1.").

For these reasons,

IT IS ORDERED:

1. The motion to reduce the sentence, ECF No. 229, is DENIED.

2. The clerk must provide a copy of this order to Mr. Tranmer himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on June 24, 2016.

        s/Robert L. Hinkle
        United States District Judge